**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Gary F. Anderson, | ) |
| | ) |
| Petitioner, | ) Case No. 1:13-CR-91-003 |
| | ) |
| vs. | ) |
| | ) |
| United States of America, | ) |
| | ) |
| Respondent. | ) |

O R D E R

This matter is before the Court on Petitioner Gary F. Anderson's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 190).  For the reasons that follow, Petitioner's motion to vacate, set aside or correct sentence is not well-taken and is **DENIED.**

I. Procedural Background

In May 2014, Petitioner Gary Anderson pled guilty to Count 1 of the indictment, which charged him with conspiracy to distribute and possess with intent to distribute in excess of 1 kilogram of heroin and 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) & (b)(1)(A).  Prior to the sentencing hearing, the probation officer calculated the advisory sentencing range for Count 1.  First, the probation officer determined that the final offense level for Count 1 was 35.  That calculation is not at issue here.  Second, the probation officer determined that Petitioner had accumulated 12 points for his criminal record, placing him in Criminal History Category V.  These calculations produced an advisory sentencing range of 262 to 327 months of imprisonment.

1

Petitioner objected to the probation officer's determination of his criminal history category.  Specifically, Petitioner objected to the probation officer's assessment of 3 points for a 2006 conviction for possessing a weapon under a disability (PSR ¶ 76) and 3 points for a 2006 conviction for possession of and trafficking in cocaine (PSR ¶ 79).  Petitioner was in fact sentenced on both of these offenses on the same day, March 24, 2006.  The presentence report, however, shows that Petitioner was arrested on the weapons charge on September 6, 2005 and that he was arrested on the drug-trafficking charge on December 11, 2005.  Additionally, the two offenses were assigned different case numbers by the state court.

Petitioner's objections essentially conceded that the probation officer correctly treated the two offenses as separate convictions for purposes of assessing criminal history points pursuant to U.S.S.G. § 4A1.2(a)(2).  In relevant part, this section states:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence.  Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).  If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.  Count any prior sentence covered by (A) or (B) as a single sentence.

Id.  As can be seen, under § 4A1.2(a)(2), prior sentences are counted separately if they are separated by an intervening arrest, and, in Petitioner's case, the presentence report shows that the two offenses were separated by an intervening arrest, i.e., Petitioner was arrested for the weapons offense before he committed the drug-trafficking offense.

Petitioner nevertheless argued that the two offenses should be treated as a single conviction because it appeared that the state court consolidated the weapons offense and

2

the drug-trafficking offense for purposes of sentencing. At the same time, however, Petitioner conceded that under binding Sixth Circuit precedent, the record was insufficiently clear to conclude that the state court had actually consolidated the two cases for sentencing. He then argued that but for the Sixth Circuit's "odd view" of the term "consolidated" the Court could have treated these two offenses as a single sentence and that, therefore, he should receive a downward departure because Category V over-represented the seriousness of his criminal history.

The Court, however, rejected this argument. The Court first concluded that there was no clear indication that the sentencing court consolidated the two cases for purposes of sentencing, a necessary prerequisite to treating them as a single sentence. The Court then noted that even if the trial court had consolidated the two offenses for sentencing, the application notes to § 4A1.2 state that treating multiple offenses as a single sentence may actually under-represent the seriousness of the defendant's criminal history and that in such a case, an upward departure may be warranted. Doc. No. 144, at 2. The Court reasoned that had the state court actually consolidated the two offenses for sentencing, it was quite likely that the seriousness of Petitioner's criminal history would have been understated. Id. The Court, therefore, determined that assessing 6 points for the two convictions accurately captured the seriousness of Petitioner's criminal history. Id.

The Court, however, ultimately downwardly departed from the advisory sentencing range and imposed a sentence of 151 months of imprisonment. Petitioner did not appeal the Court's judgment.

In January 2016, Petitioner filed a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts a single ineffective assistance

3

of counsel claim in his motion.  He contends that this trial counsel was ineffective for not arguing that Amendment 709 to the Sentencing Guidelines applied to the determination of whether his weapons and drug-trafficking offenses should have been treated as a single conviction for purposes of calculating his criminal history score.  Petitioner contends that he was assessed 9 criminal history points for these convictions when he should have only received 3 criminal history points for them. Petitioner also appears to argue that a minor misdemeanor marijuana possession conviction for which he received 1 criminal history point should have been included as a single sentence with a conviction for driving under suspension.

The Court takes up these issues below.

## II. Standard of Review

To warrant relief under 28 U.S.C. § 2255, the petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

Petitioner is entitled to an evidentiary hearing on his claims unless the record conclusively establishes that he is not entitled to relief.  Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003).  The Court concludes that the record conclusively establishes that Petitioner is not entitled to relief.  Therefore, he is not entitled to an evidentiary hearing on his claim.

III. Analysis

To prevail on his ineffective assistance of counsel claim, Petitioner must establish two elements: 1) counsel's performance fell below an objective standard of reasonableness, and 2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. There is, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

As indicated, Petitioner argues that his trial counsel was ineffective for not arguing that Amendment 709 to the Sentencing Guidelines applied to determine his criminal history score. Amendment 709, issued in 2007, amended § 4A1.2(a)(2) to clarify when multiple offenses should be treated as a single conviction for purposes of calculating the defendant's criminal history score. United States v. Horn, 612 F.3d 524, 526 (6th Cir. 2010). In the 2006 edition of the Sentencing Guidelines Manual, § 4A1.2(a)(2) provided that "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)." Application Note 3 of the 2006 Manual further instructed that "[p]rior sentences are not considered related if they are separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a common scheme or plan, or (C) were consolidated for trial or sentencing." Amendment 709 deleted the reference to "related cases," moved the "intervening arrest" provision from the application note into the text of § 4A1.2(a)(2), and deleted the application note's instruction that prior

5

sentences are related if they occurred on the same occasion, were part of a common scheme or plan, or were consolidated for trial or sentencing.  Amended § 4A1.(a)(2) replaced the "same occasion, common scheme, or consolidated for trial or sentencing" language with the provision that if there is no intervening arrest, the two convictions are counted separately unless the offenses were contained in the same charging instrument or the sentences for the two offenses were imposed on the same day.

Petitioner appears to argue that his trial counsel erred at sentencing because the weapons and drug-trafficking offenses were contained in the same charging instrument and he was sentenced on both offenses on the same day.  Therefore, according to Petitioner, counsel should have argued that the two offenses should have been treated as a single conviction for purposes of Amendment 709.  He appears to make the same argument about his minor misdemeanor and driving under suspension convictions.

First, the Court notes that to the extent Petitioner argues that he was assessed 9 criminal history points for the weapons and drug-trafficking convictions, he is incorrect.  The presentence report clearly shows that he was assessed only 6 points for those two convictions.

Second, the Court notes that Petitioner is probably correct that his trial counsel erred to the extent that counsel argued that his weapons and drug-trafficking convictions should have been treated as a single sentence because they were "consolidated for sentencing." As just stated, Amendment 709 deleted the provision that two convictions should be treated as a single sentence if they were consolidated for sentencing.  And indeed, the Court probably erred in considering whether the state court consolidated the two offenses for sentencing.

Nevertheless, any error by the Court and counsel was harmless. Although Petitioner appears to focus on the fact that he was sentenced on the same day for the weapons and drug-trafficking charges, he overlooks that he was arrested for those offenses on different days. Therefore, an intervening arrest separated the two convictions. United States v. Gale, 468 F.3d 929, 936 (6th Cir. 2006). Since there was an intervening arrest separating the two convictions, the provisions for the Court to consider whether the offenses were contained in the same charging instrument or whether Petitioner was sentenced on the same day would not have come into play. See United States v. Curb, 625 F.3d 968, 971 (6th Cir. 2010) ("The first question necessary to conclude whether Curb had multiple prior sentences, therefore, is whether he had an intervening arrest separating the offenses. If he did, our analysis ends here."); Gale, 468 F.3d at 936. Consequently, whether Petitioner was charged with the two offenses in the same charging instrument (likely not given the different state court case numbers), and whether he was sentenced on the same day for the two offenses, were immaterial to the proper application of § 4A1.2(a)(2) to Petitioner's case.

In short, the record shows that Petitioner was properly assessed 6 criminal history points for his separate weapons and drug-trafficking convictions. Any error by trial counsel in failing to argue that the current version of § 4A1.2(a)(2) applied to Petitioner's case was harmless, i.e., it is not reasonably probable that the outcome of the sentencing hearing would have been different but for counsel's alleged error. Petitioner, therefore, cannot satisfy the prejudice prong of his ineffective assistance of counsel claim. Finally, Petitioner was correctly assessed one point for his minor misdemeanor marijuana conviction. Whether it should have been consolidated with his driving under suspension conviction is

7

a moot point because he did not receive any points for that offense.

Conclusion

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion to vacate, set aside or correct sentence **(**Doc. No. 190) is not well-taken and is **DENIED.**

2. A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473 (2000), Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Id. at 483-84. Petitioner remains free to request the issuance of a certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

3. The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Petitioner leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


Date May 31, 2016                                    s/Sandra S. Beckwith
                                                            Sandra S. Beckwith
                                                    Senior United States District Judge

8